| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Misty A Perry Isaacson<br>Pagter and Perry Isaacson, APLC<br>525 N Cabrillo Park Dr Ste 104<br>Santa Ana, CA 92701<br><br>714–541–6072<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br>Commercial Services Building Inc<br><br><br><br>Debtor(s). | CASE NO.: 8:09–bk–20845–SC<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 8:23–ap–01033–SC |
|---|---|
| Karl T. Anderson<br><br><br>Plaintiff(s)<br>Versus<br><br>David Brian Filbeck<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **05/30/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
**Date:** **July 18, 2023**
**Time:** **01:30 PM**
**Hearing Judge:** **Scott C Clarkson**
**Location:** **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                          Page 1                      **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                              **KATHLEEN J. CAMPBELL**
                              **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: April 27, 2023

                        By:    "s/" Nickie Bolte
                            Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*     Page 2    **F 7004−1.SUMMONS.ADV.PROC**

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Karl T. Anderson | David Brian Filbeck<br>Jonette Terry Grand<br>Jonette Terry Filbeck<br>Jonette Tirabasso |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Karl T. Anderson, Chapter 7 Trustee | **DEFENDANTS**<br>David Brian Filbeck and<br>Jonette Terry Grand, fkna Jonette Terry Filbeck and/or Jonette Tirabassso |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Misty Perry Isaacson<br>Pagter and Perry Isaacson<br>525 N. Cabrillo Park Drive, Suite 104<br>Santa Ana, CA 92701<br>714-541-6072 Fax: 714-541-6897 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other<br>[ ] Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)<br>Complaint for Declaratory Relief Pursuant to Fed. R. Bankr. P. 7001(9) | |

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- [ ] 71-Injunctive relief - imposition of stay
- [ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [X] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [X] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>Commercial Services Building, Inc. || BANKRUPTCY CASE NO.<br>8:09-bk-20845-SC |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Scott C. Clarkson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Misty Perry Isaacson<br>Misty Perry Isaacson |||
| DATE<br>04/26/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Misty Perry Isaacson ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**Misty Perry Isaacson**
California State Bar No. 193204
**PAGTER AND PERRY ISAACSON, APLC**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
Telephone: (714) 541-6072
Facsimile:  (714) 541-6897
Email: misty@ppilawyers.com

General Counsel for Karl T. Anderson
Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>COMMERCIAL SERVICES BUILDING, INC.,<br><br>Debtor. | Case No. 8:09-bk-20845-SC<br><br>Chapter 7<br><br>Adv. No.<br><br>COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO FED. R. BANKR. P. 7001(9) |
| KARL T. ANDERSON, solely in his capacity as the Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BRIAN FILBECK, an individual; and JONETTE TERRY GRAND, fkna JONETTE TERRY FILBECK and/or JONETTE TIRABASSO, an individual,<br><br>Defendants. | |

Karl T. Anderson ("Trustee" or "Plaintiff"), solely in his capacity as the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Commercial Services Building, Inc. ("Debtor") hereby brings this Complaint and respectfully complains and alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.      The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O) and 1334 in that this proceeding arises in and is related to the bankruptcy case of Commercial Services Building, Inc., Case No. 8:09-bk-20845-SC,

-1-

which was commenced through the filing of an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor on October 7, 2009 (the "Petition Date") in the Central District of California, Santa Ana Division. Thereafter on or about February 19, 2010, the Court entered the Order for Relief against the Debtor.

2. Venue properly lies in this judicial district in that this civil proceeding arises under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

3. Trustee consents to entry of a final order or judgment by this Court.

## STATEMENT OF STANDING

4. Karl T. Anderson was appointed the chapter 7 trustee of the Debtor's bankruptcy estate ("Estate").

5. The Plaintiff, as Trustee, has standing to bring this action pursuant to 11 U.S.C. § 323.

## PARTIES TO THE ACTION

6. Trustee is the duly appointed, qualified and action chapter 7 trustee for the Estate of the Debtor. This action is brought by the Trustee in his representative capacity only.

7. Trustee is informed and believes and thereon alleges that David Brian Filbeck ("Filbeck") is an individual residing in the County of Riverside, State of California.

8. Trustee is informed and believes and thereon alleges that Jonette Terry Grand, fkna Jonette Terry Filbeck and/or Jonette Tirabasso ("Grand"), the former spouse of Filbeck, is an individual residing in the County of Mohave, State of Arizona.

## GENERAL ALLEGATIONS

9. Filbeck and Grand were married on or about April 10, 1986 and separated on or about September 1, 2008.

10. Grand filed for divorce on September 5, 2008 and an uncontested judgment of dissolution of marriage ("Dissolution Judgment") was entered by stipulation on January 29, 2009.

11. The Dissolution Judgment, among other things, provides that Filbeck and Grand were each awarded one-half of the ASM Entities (see *infra* ¶ 10) and that "the Parties shall

cooperate to execute any and all documents required in order to separate and equally divide the LLCs [interest in the ASM Entities] in order to hold her/his respective interest separately in her/his name, independently, and free and clear of any and all claims and/or liabilities of the other. . ."

12. The Dissolution Judgment further provides that Filbeck was ordered to "assume any and all third-party claims of an kind or nature, including but not limited to, any and all debts owed to any third-parties (either by Respondent [Filbeck] personally, jointly with Petitioner [Grand], through CBS [Debtor], or together with any third-party), including, but not limited to, Doug Patrick, Todd Noesser, Craig Filbeck, CBS, Gordon Reese, and/or Bascom Corp."

13. Trustee is informed and believes and thereon alleges that Filbeck and Grand failed to comply with the requirement in the Dissolution Judgment to separate and equally divide their respective interests in the ASM Entities.

14. On or about February 16, 2012, the Trustee commenced an Adversary Proceeding entitled *Anderson v. David Filbeck,* Adv. Case No. 8:12-ap-01050-ES ("Adversary").

15. Trustee alleged in the Adversary that Filbeck fraudulently transferred $4,816,021 from the Debtor to himself or for his benefit between 2005 and 2009 ("Transfers").

16. Filbeck failed to file a timely answer to the Adversary and the Court's Clerk entered his default on May 9, 2012.

17. On July 11, 2013, Trustee filed a Motion seeking entry of a default judgment and related documents against Filbeck (the "Motion"). The Court, having considered the Motion and testimony presented at the hearing on the same, entered judgment in favor of Trustee on November 25, 2013 in the amount of $3,552,566.06 with post-judgment interest calculated at the applicable federal judgment interest rate (the "Judgment").

18. In his pursuit of collection of the Judgment against Filbeck, on or about March 10, 2015, Trustee, commenced adversary proceedings (the "Collection Actions") against MRI Saddlehorn Riviera Investment Fund, (8:15-ap-01114-ES); MRI Pioneer & Colorado Investment Fund, (8:15-ap-01115-ES); MRI Saddlehorn Calhoun Investment Fund, (8:15-ap-01116-ES); MRI

Red Bank Investment Fund, (8:15-ap-01117-ES); MRI Economy Industrial Portfolio, (8:15-ap-01118-ES); MRI Saddlehorn Superstition Investment Fund, (8:15-ap- 01119-ES); and Riverfront Mobile Estates, (8:15-ap-01120-ES) (collectively the Collection Actions' defendants are referred to as the "ASM Entities") related to judgment debtor Filbeck's interests in the ASM Entities. The Collection Actions were filed to pursue Filbeck's interests in the ASM Entities (the "Dispute").

19. Trustee and ASM resolved their Dispute by entering into a settlement agreement (the "Settlement"), which provided that:

    a. Defendants MRI Pioneer & Colorado and MRI Saddlehorn Calhoun would consent to the entry of a charging order concerning Filbeck's interests therein.

    b. Defendants MRI Red Bank Investment Fund, MRI Economy Industrial Portfolio, MRI Saddlehorn Superstition Investment Fund and Riverfront Mobile Estates would deposit any and all funds and/or distributions with Trustee pending further order of the Court or stipulation with any other party holding an interest with Filbeck.

20. The Trustee is currently in possession of funds received from ASM pursuant to the Settlement and the future right to additional distributions due Filbeck by the ASM Entities.

21. Trustee is informed and believes and thereon alleges that the Defendants' interests in the ASM Entities, as set forth in the Dissolution Judgment, are currently held in the name of Filbeck and/or Filbeck's revocable family trust (the "Trust").

22. The Trustee is informed and believes and thereon alleges that the Defendants' interests in the ASM Entities remain the community property of Filbeck and Grand.

**FIRST CLAIM FOR RELIEF**
**Declaratory Relief Pursuant to Fed. R. Bankr. P. 7001(9)**
**(Community Property of Defendants)**

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 and realleges these paragraphs as though set forth in full.

24. Filbeck and Grand's interests in the ASM Entities constitute Community Property of the marital estate as defined under Cal. Fam. Code § 760.

25. The Transfers by the Debtor to Filbeck were made at a time when Filbeck was married to Grand and as such the debt owing to the Estate is a community debt and/or claim of the marriage of Filbeck and Grand as defined under Cal. Fam. Code § 902.

26. The Defendants' interests in the ASM Entities are liable for the community debts incurred by Filbeck, whether before or during the marriage, pursuant to Cal. Fam. Code § 910.

27. Trustee is informed and believes and thereon alleges that when certain ASM Entities were sold, the managing agent solicited the consent of all of the record members, shareholders, and/or partners, however, no consent was sought by ASM from Grand prior to any such sale.

28. Trustee is informed and believes and thereon alleges that Filbeck continued to retain possession and control of the interests in the ASM Entities.

29. Trustee is entitled to the entry of an Order declaring that the Defendants' interests in the ASM Entities remain the community property of the marriage of Filbeck and Grand and the proceeds from the same currently held by Trustee, as well as the remaining undistributed interests in ASM Entities, remain undivided property of the Filbeck and Grand community estate.

**SECOND CLAIM FOR RELIEF**
**Declaratory Relief Pursuant to Fed. R. Bankr. P. 7001(9)**
**(Trust Property of Defendants)**

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 and realleges these paragraphs as though set forth in full.

31. Trustee is informed and believes and thereon alleges that Filbeck and Grand retain the power to revoke the Trust in whole or in part.

32. Filbeck and Grand's interests, if any, in the Trust are subject to the claims of their creditors pursuant to Cal. Probate Code § 18200.

33. The Transfers, if any, by Filbeck and Grand of their interests in ASM Entities to the Trust do not shield the Defendants' interests in the ASM from Trustee's Judgment against Filbeck.

34.     Trustee is entitled to the entry of an Order declaring that the Defendants' interests in the Trust and the assets therein are subject to Trustee's Judgment collection claims.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants as follows:

A.     On the first claim for relief, entry of a Judgment pursuant to Fed. R. Bankr. P. 7001(9) that the Defendants' interests in the ASM Entities remain the community property of the marriage of Filbeck and Grand and that the proceeds from the same currently held by Trustee, as well as the remaining undistributed interests in ASM Entities, are the undivided property of the Filbeck and Grand community estate.

B.     On the second claim for relief, entry of a Judgment pursuant to Fed. R. Bankr. P. 7001(9) that the Defendants' interests in the Trust and the assets therein are subject to Trustee's Judgment collection claims.

C.     For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Dated:  April 26, 2023                    **PAGTER AND PERRY ISAACSON**

/s/ Misty Perry Isaacson
_____
Misty Perry Isaacson, General Counsel
for Karl T. Anderson, Chapter 7 Trustee

-6-

# UNITED STATES BANKRUPTCY COURT

### Early meeting of Counsel and Status Conference Instructions

1. **Service of Order.** A copy of this Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint. The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **Local Bankruptcy Rule 7026-1.** Compliance with Local Bankruptcy Rule 7026-1 (ALBR 7026-1") is required in ALL adversary proceedings.

3. **Rule 26(f) Meeting.** Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (ARule 26(f) Meeting@) at least 21 days before the status conference date set forth in the summons. **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone. During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and ( c) develop a proposed discovery plan. The discussion of claims and defenses must be substantive and meaningful. The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4. **Initial Disclosures.** Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

   a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses,

       unless the use would be solely for impeachment.

    b. A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    c. A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    d. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information that is reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party=s disclosures or because another party has not made its disclosures. F.R.Civ.P.26(a)(1)(E).

    **5. Alternative Dispute Resolution (**A**ADR**@**).** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the Court may nonetheless direct the parties to ADR before trial

    **6. Discovery Plan.** At the Rule 26(f) Meeting, the parties must also discuss issues about preserving discoverable information and develop a proposed discovery plan. The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally. The deadlines in the discovery plan must be mutually

agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

    7.  **Joint Status Report.**  A status report must be filed within the time frames specified within LBR 7016-1(a)(2).   The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1).  The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting.  If Defendant(s) have not filed and served an answer to the Complaint, a Unilateral Status report is due seven (7) days prior to the first status conference hearing.

    8.  **Status Conference/Rule 16(b) Scheduling Conference.**  At the Rule 16(b) Scheduling Conference, the Court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines.

    Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

    9.  **Default.**  If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk <u>prior</u> to the status conference date set forth in the summons. F.R.Civ.P.55(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion. F.R.Civ.P.55(b)(2).

    10. **Sanctions.  Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

///

**11. <u>Joint Pre-Trial Order</u>.  Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

                        Honorable Scott C. Clarkson
                        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE:  COMMERCIAL SERVICES BUILDING, INC.<br><br>KARL T. ANDERSON, CHAPTER 7 TRUSTEE, PLAINTIFF,,<br><br>v.<br><br>DAVID BRIAN FILBECK and JONETTE TERRY GRAND, fkna JONETTE TERRY FILBECK AND/OR JONETTE TIRABASSOT | CASE NO: 8:09-bk-20845-SC<br><br>ADVERSARY CASE NO: 8:23-ap-01033-SC<br><br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br><br>Chapter: 7 |

On 4/28/2023, I did cause a copy of the following documents, described below,

Summons and Notice of Status Conference in Adversary Proceeding; Complaint; and Early Meeting of Counsel and Status Conference Instructions

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, a Administrative Office of the United States Bankruptcy Courts, Approved Notice Provider.  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

DATED: 4/28/2023

/s/ Misty Perry Isaacson
Misty Perry Isaacson  193204
Attorney at LawPagter and Perry Isaacson
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA  92701
714 541 6072

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE:  COMMERCIAL SERVICES BUILDING, INC.<br><br>KARL T. ANDERSON, CHAPTER 7 TRUSTEE, PLAINTIFF,,<br><br>v.<br><br>DAVID BRIAN FILBECK and JONETTE TERRY GRAND, fkna JONETTE TERRY FILBECK AND/OR JONETTE TIRABASSOT | CASE NO: 8:09-bk-20845-SC<br><br>ADVERSARY CASE NO: 8:23-ap-01033-SC<br><br>**CERTIFICATE OF SERVICE**<br><br>Chapter: 7 |

On 4/28/2023, a copy of the following documents, described below,
Summons and Notice of Status Conference in Adversary Proceeding; Complaint; and Early Meeting of Counsel and Status Conference Instructions

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/28/2023

/s/ Jay S Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Misty Perry Isaacson
Pagter and Perry Isaacson
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA  92701

USPS FIRST CLASS MAILING RECIPIENTS:
Parties whose names are struck through were not served via First Class U.S. Mail Service.

FIRST CLASS
DAVID BRIAN FILBECK
109 BREEDERS CUP PLACE
NORCO CA 92860-5128

FIRST CLASS
JONETTE TERRY GRANT
2491 FREMONT DRIVE
LAKE HAVASU AZ 86406-8223